# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10851

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2014

Lyle W. Cayce
Clerk

RODNEY BERNARD ALLEN,

Plaintiff-Appellant

v.

SHAMELLE N. LYLES, Program Analyst, U.S. Department of Justice, Office of Professional Responsibility; CRAIG WATKINS, Criminal District Attorney, Dallas County, Texas; INNOCENCE PROJECT OF TEXAS; MICHAEL L. WARE, Assistant District Attorney, Dallas County, Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1480

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rodney Bernard Allen, federal prisoner # 28935-077, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his complaint alleging claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, the Federal Tort Claims Act, and Texas state law. By moving for IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10851

status in this court, Allen is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Allen has failed to address the district court's certification that his appeal was not taken in good faith or the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, his challenge to the district court's certification decision is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, Allen has not shown that his "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Allen's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Allen's complaint, in part, for failure to state a claim counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). This court's dismissal of this appeal also counts as a strike. *See id.* Allen is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.